# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAY SCOTT HEID**, *et al.*,

        **Plaintiffs,**

    v.                                   **Civil Action 2:20-cv-1512**
                                              **Judge Sarah D. Morrison**
                                               **Magistrate Judge Chelsey M. Vascura**

**DISTRICT JUDGE**
**ALGENON L. MARBLEY**, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Ray Scott Heid,[1] an Ohio inmate who is proceeding without the assistance of counsel, brings this action against District Judge Algenon L. Marbley; Magistrate Judge Elizabeth Preston Deavers; Circuit Judges Karen Nelson Moore, Ronald Lee Gilman, and Bernice Bouie Donald; Assistant Ohio Attorney General Mindy Ann Worly; and Ohio Department of Rehabilitation and Correction Religious Services Administrator Michael Davis. This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having

---

[1] Although the Complaint also lists James E. Damron as a Plaintiff, Heid subsequently filed a motion to strike Damron's name from the Complaint because it was inadvertently copied from a complaint in another case. (ECF No. 6.)

performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915A(b)(1).

**I.**

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff's claims in this action center on actions taken by judicial officers and defendants in previous actions filed by Plaintiff. In Southern District of Ohio Case No. 2:15-cv-2757 (the "2757 Case"), Plaintiff was among a group of Ohio state inmates belonging to the Christian Separatist Church ("CSC"), which is "a militantly Christian, White Nationalist organization composed only of white Christian men and women" who hold the view that "true white

3

Nationalism and Christianity are one in the same philosophy." (Opinion & Order 1–2, Case No. 2:15-cv-2757, ECF No. 110.) Plaintiffs in the 2757 case brought claims against the Ohio Department of Rehabilitation and Corrections ("ODRC") and several of its officials, including Defendant Davis, arising out of ODRC's denial of their request for religious accommodations for separate congregate worship services. (*Id.*) Defendant Worly represented ODRC and its officials in the 2757 case. The 2757 Case was assigned to Defendant Judges Marbley and Deavers at the District Court level, and Judge Marbley ultimately granted summary judgment in favor of ODRC and its officials. (Case No. 2:15-cv-2757, ECF No. 110.) Plaintiff appealed the summary judgment order to the United States Court of Appeals for the Sixth Circuit, where it was assigned to a panel of Defendant Judges Moore, Gilman, and Donald. The Sixth Circuit affirmed the District Court's summary judgment in favor of ODRC and its officials. (Case No. 2:15-cv-2757, ECF No. 121.)

Plaintiff filed a subsequent action in this Court, Case No. 2:17-cv-337 (the "337 Case"), making similar allegations related to denials of various religious accommodations. That case was also assigned to Defendant Judges Marbley and Deavers. Judge Deavers recommended dismissal of the complaint in the 337 case for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and Judge Marbley adopted that recommendation. (Case No. 2:17-337, ECF Nos. 11, 16.) Plaintiff appealed the dismissal to the Sixth Circuit, but his appeal was dismissed for failure to prosecute. (Case No. 2:17-337, ECF No. 24.)

In this case, Plaintiff alleges that Defendants, through their actions in presiding over or defending against Plaintiff's claims in the 2757 and 337 Cases, conspired to deprive him of his rights under the First and Seventh Amendments and intentionally discriminated against him on the basis of ethnicity and religion in violation of the Fourteenth Amendment's Equal Protection

4

Clause. Plaintiff seeks injunctive and declaratory relief as well as compensatory, nominal, and punitive damages.

## III.

No matter how liberally the Court construes Plaintiff's Complaint, his claims against Defendant Judges Marbley, Deavers, Moore, Gilman, and Donald are barred by the doctrine of judicial immunity. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). Judicial immunity is overcome only if the actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). A review of Plaintiff's Complaint reveals that those exceptions do not apply here. Thus, because the Defendant Judges are entitled to absolute judicial immunity, it is recommended that Plaintiff's claims against Judges Marbley, Deavers, Moore, Gilman, and Donald be dismissed.

As to Plaintiff's remaining claims against Worly and Davis, Plaintiff seeks to assert claims for (1) discrimination on the basis of ethnicity and religion in violation of the Fourteenth Amendment's Equal Protection Clause, and (2) conspiracy to deprive him of his First Amendment right of access to courts and his Seventh Amendment right to a jury trial.

Plaintiff's allegations do not sufficiently allege an equal protection violation. "The Equal Protection Clause safeguards against the disparate treatment of similarly situated individuals as a result of government action that 'either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 649 (6th Cir. 2015) (quoting *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). Plaintiff has failed to identify any specific similarly situated person or group who was treated

differently than him.  His conclusory assertion of unconstitutional conduct therefore fails to state a claim.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Nor has Plaintiff sufficiently pleaded a claim for conspiracy.  "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).  A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."  *Hooks*, 771 F.2d at 943-44.  In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim."  *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)).  Here, Plaintiff makes only conclusory allegations that the defendants conspired to deprive him of his rights and does not plausibly plead any specific facts to support those allegations.  He has therefore failed to state a claim for conspiracy.  *Farhat*, 370 F.3d 580, 599.

## IV.

For the reason's set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims pursuant to § 1915A(b)(1).  It is further **RECOMMENDED** that Plaintiff's Motion for Leave of Court to Request Record Before Court (ECF No. 3), Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 5), and Motion to Strike James E. Damron's Name from the Complaint (ECF No. 6) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE