UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAY SCOTT HEID,** *et al.***,**

      **Plaintiffs,**

  v.                                      Civil Action 2:20-cv-1512
                                                      Judge Sarah D. Morrison
                                                      Magistrate Judge Chelsey M. Vascura

**DISTRICT JUDGE
ALGENON L. MARBLEY,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter comes before the Court for consideration of an Initial Screen Report and Recommendation (hereafter "R&R") issued by the Magistrate Judge on June 2, 2020 (ECF No. 9), Plaintiff's Objection thereto (ECF No. 12), Plaintiff's Motion for Leave of Court to Amend Objections to Magistrate Judge's R&R (ECF No. 14), and Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 13). In the R&R, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Leave to Amend his Objections, **DENIES** Plaintiff's Motion for Leave to Amend his Complaint as futile, **OVERRULES** Plaintiff's Objections, **ADOPTS** and **AFFIRMS** the R&R, and **DISMISSES** Plaintiff's Complaint.

## BACKGROUND

Plaintiff's claims in this action center on actions taken by judicial officers and defendants in previous actions filed by Plaintiff. In Southern District of Ohio Case No. 2:15-cv-2757 (the "2757 Case"), Plaintiff was among a group of Ohio state inmates belonging to the Christian Separatist Church ("CSC"), which is "a militantly Christian, White Nationalist organization

1

composed only of white Christian men and women" who hold the view that "true white Nationalism and Christianity are one in the same philosophy." (Opinion & Order 1–2, Case No. 2:15-cv-2757, ECF No. 110). Plaintiffs in the 2757 case brought claims against the Ohio Department of Rehabilitation and Corrections ("ODRC") and several of its officials, including Defendant Davis, arising out of ODRC's denial of their request for religious accommodations for separate congregate worship services. (*Id.*) Defendant Worly represented ODRC and its officials in the 2757 case. The 2757 Case was assigned to Defendant Judges Marbley and Deavers at the District Court level, and Judge Marbley ultimately granted summary judgment in favor of ODRC and its officials. (Case No. 2:15-cv-2757, ECF No. 110). Plaintiff appealed the summary judgment order to the United States Court of Appeals for the Sixth Circuit, where it was assigned to a panel of Defendant Judges Moore, Gilman, and Donald. The Sixth Circuit affirmed the District Court's summary judgment in favor of ODRC and its officials. (Case No. 2:15-cv-2757, ECF No. 121).

Plaintiff filed a subsequent action in this Court, Case No. 2:17-cv-337 (the "337 Case"), making similar allegations related to denials of various religious accommodations. That case was also assigned to Defendant Judges Marbley and Deavers. Judge Deavers recommended dismissal of the complaint in the 337 case for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), and Judge Marbley adopted that recommendation. (Case No. 2:17-337, ECF Nos. 11, 16). Plaintiff appealed the dismissal to the Sixth Circuit, but his appeal was dismissed for failure to prosecute. (Case No. 2:17-337, ECF No. 24).

In this case, Plaintiff alleges that Defendants, through their actions in presiding over or defending against Plaintiff's claims in the 2757 and 337 Cases, conspired to deprive him of his rights under the First and Seventh Amendments and intentionally discriminated against him on

2

the basis of his ethnicity and religion in violation of the Fourteenth Amendment's Equal Protection Clause. Plaintiff seeks injunctive and declaratory relief as well as compensatory, nominal, and punitive damages.

On June 2, 2020, the Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915A and recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Plaintiff subsequently filed an objection to the Magistrate Judge's recommendation, a motion for leave to amend those objections, and a motion for leave to amend his Complaint to address deficiencies and errors of fact in the original Complaint. The Court proceeds to consider Plaintiff's arguments.

## ANALYSIS

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As explained by the Magistrate Judge, all of Plaintiff's claims against Defendant Judges Marbley, Deavers, Moore, Gilman, and Donald are barred by the doctrine of judicial immunity. *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). Plaintiff concedes in his Motion to amend his objection (ECF No. 14) that his claims against the Defendant Judges for damages and injunctive relief are "rightly barred," but states that his concession does not include his claims for declaratory relief. (ECF No. 14 at 1). However, Plaintiff also states that, via his proposed Amended Complaint, he wishes to "voluntarily withdraw[ ] without prejudice" his claims for declaratory relief so that he may file a writ of prohibition, which Plaintiff contends "is the correct remedy to corrupt judges' actions

3

taken in judicial proceedings." (*Id.* at 2). But regardless of whether Plaintiff voluntarily withdraws his declaratory relief claims, such claims are barred by the absolute judicial immunity afforded the Defendant Judges. To the extent Plaintiff objects to the dismissal of his declaratory relief claims, those objections are not well taken.

Plaintiff further objects to the dismissal of his equal protection and conspiracy claims against Defendants Worly and Davis, and his proposed amendments to his Complaint are largely directed at attempting to remedy deficiencies in these claims. (Objection, ECF No. 12; Proposed Am. Compl., ECF No. 13-1). Yet the proposed amendments to the Complaint do not salvage Plaintiff's claims. The crux of the matter seems to be a disconnect between the religious accommodations that Plaintiff asserts he was seeking and the practical realities surrounding those accommodations. Plaintiff insists that his request to hold congregant worship services for the CSC was a not a request for segregated services that would exclude inmates of other faiths or races. However, the CSC is "a militantly Christian, White Nationalist organization composed only of white Christian men and women" who hold the view that "true white Nationalism and Christianity are one in the same philosophy." (Opinion & Order 1–2, Case No. 2:15-cv-2757, ECF No. 110). Plaintiff does not dispute this characterization of his religion. Based on the nature of CSC's religious doctrine, then, Davis (and Worly, and the judges before whom Worly argued) concluded that non-white inmates would not be welcome at the congregant worship services that Plaintiff requested. That is, despite Plaintiff's labeling of his request as one for "non-segregated religious worship" (ECF No. 12 at 6), in reality, such services would have the effect of excluding non-white inmates such that Plaintiff was, in fact, requesting segregated worship.

Plaintiff vehemently disagrees with this line of reasoning, but he has nonetheless failed to offer any evidence or arguments beyond those before the Magistrate Judge. Davis, on behalf of

4

ODRC, denied Plaintiff's request for congregate CSC worship services in order to preserve security and reduce the likelihood of racial violence. Under these circumstances, the Defendant Judges found that denial of Plaintiff's requested religious accommodations did not violate Plaintiff's constitutional rights or the Religious Land Use and Institutionalized Persons Act. (Case No. 2:15-cv-2757, ECF No. 110; Case No. 2:17-cv-337, ECF No. 16). Plaintiff's equal protection claim fails because he has failed to identify any specific similarly situated person or group who was treated differently than him. *See Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 649 (6th Cir. 2015) (quoting *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). Although Plaintiff asserts in his Objections that other religious groups (such as Rastafarians, Black Hebrew Israelites, the Nation of Islam, and the Moorish Science Temple of America) were afforded congregate worship services when he was not (3, ECF No. 12), these groups do not hold the supremacy of a particular race as a fundamental tenet. These groups are therefore not similarly situated to the CSC in the relevant respects.

Further, the conspiracy claim fails for lack of plausible allegations that Worly, Davis, or any of the Defendant Judges reached an agreement to deprive Plaintiff of his rights. *See Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985) (requiring a conspiracy plaintiff to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.") Although it is true that Davis, Worly, and the Defendant Judges all reached similar conclusions about the racially exclusive effect of Plaintiff's request for religious accommodations, Plaintiff makes no non-conclusory allegations that these individuals agreed among themselves to knowingly and improperly characterize Plaintiff's request. All that occurred is that Davis and Worly made certain arguments against Plaintiff's claims in the course

5

of litigation, and the Defendant Judges ultimately found Davis and Worly's arguments more compelling than Plaintiff's. This course of events is commonplace, and, without more, Plaintiff cannot make out a viable claim for conspiracy.

Accordingly, Plaintiff's Objections are not well taken. Further, because Plaintiff's proposed Amended Complaint does not remedy the defects in his original Complaint, Plaintiff's Motion for Leave to Amend his Complaint (ECF No. 13) is denied on grounds of futility. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend, however, where amendment would be 'futile.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend his Objections (ECF No. 14), **DENIES** Plaintiff's Motion for Leave to Amend his Complaint as futile (ECF No. 13), **OVERRULES** Plaintiff's Objections (ECF Nos. 12, 14), **ADOPTS** and **AFFIRMS** the R&R, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**