UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAY SCOTT HEID,** *et al.*,

      **Plaintiffs,**

    v.                      Civil Action 2:20-cv-1512
                           Judge Sarah D. Morrison
                           Magistrate Judge Chelsey M. Vascura

**DISTRICT JUDGE**
**ALGENON L. MARBLEY,** *et al.*,

      **Defendants.**

## OPINION & ORDER

Plaintiff Ray Scott Heid's 42 U.S.C. §§ 1983, 1985 Complaint alleged that Defendant Michael Davis, the Ohio Department of Rehabilitation and Correction's Religious Services Administrator, conspired to deprive him of his rights under the First and Seventh Amendments and intentionally discriminated against him on the basis of his ethnicity and religion in violation of the Fourteenth Amendment's Equal Protection Clause. (ECF Nos. 1, 16.)

The Court's July 10, 2020 Opinion and Order ("Order") dismissed the case. (ECF No. 16.) Judgment entered accordingly the same day. (ECF No. 17.) Mr. Heid appealed the Court's Order on July 24, 2020 and filed his Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment ("Motion") on August 3, 2020. (ECF Nos. 18, 21.)

Mr. Heid's Motion is now before the Court. (ECF No. 21.) "[T]he normal rule is that, once a party files a notice of appeal, a district court loses jurisdiction over any aspect of the case at issue in the appeal." *Linneman v. Vita-Mix Corp.*, Nos. 19-3993, 19-4249, 2020 U.S. App. LEXIS 25597, at *31-32 (6th Cir. Aug. 12, 2020) (citing *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019)). "However, in civil cases, the timely filing of certain listed motions not only

1

tolls the time to appeal but also suspends the effectiveness of a notice of appeal until the last of such motions is resolved." *Patterson v. Anderson*, 586 F. App'x 657, 662-63 (6th Cir. 2014) (citation omitted). So, "the timely filing of a motion listed in [Fed. R. App. P.] 4(a)(4)(A)—including a motion to alter or amend judgment under Rule 59—has been held to suspend or render dormant a notice of appeal regardless of whether the motion was filed before or after the notice of appeal." *Patterson*, 586 F. Appx 657, 662-63 (quotation and citation omitted).

Consequently, "[w]hen a party has filed a timely motion to alter or amend a judgment after a notice of appeal has been filed, the district court still retains jurisdiction to consider the motion." *O'Sullivan Corp. v. Duro-Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001) (citations omitted). Mr. Heid's Motion is timely. The Court therefore proceeds to review same.

## I.     STANDARD OF REVIEW

Rule 59(e) provides that an unsuccessful party may seek reconsideration within twenty-eight days of the entry of judgment. Such a motion may be granted if there is a "clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). Motions to alter or amend "should not provide the parties with an opportunity for a second bite at the apple." *Beamer v. Bd. of Crawford Twp. Trs.*, No. 2:09-cv-213, 2010 U.S. Dist. LEXIS 28400, 2010 WL 1253908, at *2 (S.D. Ohio Mar. 24, 2010) (Smith, J.). "When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute should be dealt with in the

normal appellate process, not on a motion for reargument." *Id*. (internal quotation and citation omitted). A "motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *Vanguard Transp. Sys. v. Volvo Trucks N. Am., Inc*., No. 2:04-cv-889, 2006 U.S. Dist. LEXIS 78824, at *6 (S.D. Ohio Oct. 30, 2006) (Graham, J.) (citation omitted).

## II. ANALYSIS

Mr. Heid argues that the Order should be altered, amended or vacated to prevent a clear error of law or manifest injustice. (ECF No. 12 at 3.) In particular, he claims that while the R&R dismissed his claims against Mr. Davis for failure to state a claim, the Court "ostensibly" afforded Mr. Davis judicial immunity in the Order when upholding that determination. *Id*. 3-5. This, Mr. Heid contends, is the clear error of law that must be corrected because it resulted in the manifest injustice of him being unable to respond to the immunity holding. He also argues that if the Order is based on the intracorporate conspiracy doctrine, his claims against Mr. Davis are not barred under that theory because Mr. Davis was not acting within the scope of his employment during the alleged conspiracy. *Id*.

Mr. Heid's arguments fail. The Order upholds dismissal of Mr. Heid's equal protection claims against Mr. Davis because Mr. Heid did not "identify any specific similarly situated person or group who was treated differently than him." (ECF No. 16 at 5. ) The Order sustains dismissal of Mr. Heid's conspiracy count against Mr. Davis for lack of plausible allegations that any of the Defendants reached an agreement to deprive Mr. Heid of his rights. *Id*. Hence, no clear error of law was committed and no manifest injustice occurred. Mr. Heid's Motion to Alter or Amend is **DENIED**, and his alternative second motion for leave to seek amendment of his Complaint is **DENIED** for lack of jurisdiction. (ECF No. 21.)

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**